# IN THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| GUY G. GEBHARDT, ) | |
| ACTING UNITED STATES TRUSTEE, ) | MISC. PROCEEDING NO. |
| ) | 16-00504-LRC |
| *Plaintiff,* ) | |
| ) | BEFORE THE HONORABLE |
| -versus- ) | JUDGE LISA RITCHEY-CRAIG |
| ) | |
| CHARLES M. LANGEVIN, JR. ) | |
| ) | JURY TRIAL DEMANDED |
| *Defendant.* ) | |

## MOTION FOR SUMMARY JUDGMENT

COMES NOW, Charles M. Langevin, Jr., Defendant in the above styled action and files this Motion for Summary Judgment and respectfully shows this honorable Court the following:

### I. BACKGROUND

1.

The Plaintiff filed this Miscellaneous Proceeding in this Court on or about September 2, 2016 (Doc. No. 1).

2.

The Plaintiff amended the complaint prior to serving the complaint on or about October 24, 2016 (Doc. No. 2).

3.

The Plaintiff filed a certificate of service and served the amended complaint to the Defendant on December 7, 2016.

4.

The Defendant received the amended complaint on Saturday, December 11, 2016.

5.

In his amended complaint, the Plaintiff alleges that the Defendant has engaged in the following forms of speech:

a.) "[G]iving legal advice regarding bankruptcy laws, rules, forms, and procedures" *See* Amended Complaint ¶29.

b.) "[C]omparing his services to those of attorneys." *See* Amended Complaint ¶30.

c.) "[U]ses the word "legal" on the 249 Website" *See* Amended Complaint ¶33.

d.) Advertising the following statement (which the Plaintiff contends is "legal advice") *See* Amended Complaint ¶34.

> *We offer Chapter 7 and Chapter 13 bankruptcy petition preparation for a low fee of only $249.00. We will provide you with all of the documents necessary to obtain immediate bankruptcy protection, stopping lawsuits, foreclosures, wage garnishments, repossessions, creditor harassment and more."*

e.) Advertising the following statement (which the Plaintiff contends is "legal advice") *See* Amended Complaint ¶35.

> *We provide a debtor with all of the documents necessary to obtain immediate bankruptcy protection. Both chapters of bankruptcy will stop foreclosure, repossession, wage garnishment, lawsuits, creditor harassment, evictions, and any other attempts to collect debts.*
>
> *Chapter 7 bankruptcy is often referred to as a total bankruptcy or a fresh start bankruptcy. It is the most popular form of bankruptcy because it eliminates most or all debts within a matter of a (sic) 3-4 months. At the end of the 3-4 months, a*

> *debtor can begin to rebuild his or her credit and will be eligible to obtain credit cards and auto loans almost immediately.*
>
> *Chapter 13 bankruptcy is a debt repayment plan where a debtor makes monthly payments to a court appointed trustee for a period of 3-5 years under a court supervised plan.*

f.) Advertising the following statement (which the Plaintiff contends is "unfair and deceptive information") *See* Amended Complaint ¶36.

> *We provide highly effective services that deliver outstanding results at the (sic) fraction of the cost law firms and attorneys charge their clients for similar services. We listen to your situation and want you to know that we're here to help make things better and lighter. Unlike many lawyers, we are not here to take advantage of your situation. You can always expect fair and honest service at very affordable rates.*

g.) Advertising the following statement (which the Plaintiff contends is "unfair and deceptive information") *See* Amended Complaint ¶37.

> *What sets us apart from competition (sic.) is the fact that we're able to deliver solid results at a fraction of the price of law firms, lawyers, attorneys, and individuals offering the same services we offer.*

h.) Advertising the following statement (which the Plaintiff contends is "legal advice") *See* Amended Complaint ¶39.

> *Bankruptcy is a powerful tool that will give you a "fresh start" financially. The filing of a Bankruptcy petition will immediately stop all collection action, such as foreclosure, repossession, lawsuits, garnishments, and collection calls. The bankruptcy ends with the judge issuing an order that most or all of your debts are permanently discharged and are noncollectable.*

i.) Advertising the following statement (which the Plaintiff contends is "unfair and deceptive information"). *See* Amended Complaint ¶40.

> *Simplified Document Solutions can provide you with all of the necessary paperwork for you to obtain a discharge and move on with your life for only $249.00.*
>
> *Simplified Document Solutions does not have an attorney on staff. However, since most bankruptcy cases are pretty simple after the petition is properly prepared, most people can handle their case without one.*

j.) Advertising his experience as a paralegal and his "love for the law," which the Plaintiff contends is "unfair and deceptive" information. *See* Amended Complaint ¶41.

k.) Advertising the following statement (which the Plaintiff contends is "unfair and deceptive information"). *See* Amended Complaint ¶52.

> *For only $249, you can be debt free in as little as 3 months through chapter 7 bankruptcy or restructure your debts over time through Chapter 13 bankruptcy. We can immediately stop wage garnishments, repossessions, creditor harassment, and foreclosure with our same-day bankruptcy filings. Our success rate is better than most of the bankruptcy attorneys and paralegals in Atlanta and we are happy to give you a free comparison right from the Bankruptcy Court's website. Our bankruptcy program is better than credit repair and cheaper than the lowest priced bankruptcy attorney.*
>
> *...Charles has successfully handled literally tens of thousands of cases and helped people obtain relief from millions of dollars in crushing debt.*

l.) Advertising on Groupon, which the Plaintiff alleges is "unfair and deceptive[1]." *See* Amended Complaint ¶53-55.

---

[1] The Plaintiff makes several claims about the Groupon Advertisement. It is unclear what aspect of the advertisement he feels is unfair or deceptive. The Plaintiff makes reference to a photograph of a plaque for the United States Bankruptcy Court, that the Defendant advertises that he provides 1-on-1 support for a fraction of the price, and that the Defendant advertises that he offers "affordable Chapter 7 and Chapter 13 Bankruptcy Services with a focus on customer service," and claims that the advertisement does not disclose that the Defendant is a bankruptcy petition preparer. *See* Amended Complaint ¶53, 54, & 55.

m.) The Plaintiff alleges that the Defendant "advertises" in the yellow pages and engages in the following speech in the advertisement, which the Plaintiff contends is "unfair and deceptive:" *See* Amended Complaint ¶56-58

> *Simplified Document Solutions offers the best, most affordable bankruptcy service in the metro Atlanta area. Our $249 flat fee bankruptcy is one of the cheapest bankruptcy options in town. For only $249, we offer assistance with both Chapter 7 and Chapter 13 bankruptcy petitions. You don't have to pay overpriced bankruptcy lawyers thousands of dollars in attorney's fees, Simplified Document Solutions is the best, most experienced, non-attorney bankruptcy petition preparer in town.*

n.) The Plaintiff claims that the Defendant "advertises" on Angie's list with "unfair and deceptive" information.[2] *See* Amended Complaint ¶ 59-62.

o.) That the Defendant allegedly provides website visitors a PACER report, which summarizes of the outcome of cases filed by the Defendant and three (3) law firms. The Plaintiff does not contend that the PACER report is incorrect and does not argue that there is any alleged problem with the report. *See* Amended Complaint ¶63 & 64.

## II.   THE SPEECH THAT THE PLAINTIFF ALLEGES THAT THE DEFENDANT ENGAGED IN DOES NOT FIT THE DEFINITION OF LEGAL ADVICE.

6.

The Plaintiff's allegations are broad and extensive, generally with no basis whatsoever in the law.

---

[2] Again, it is unclear what aspects of the Angie's list "advertisement" the Plaintiff feels is unfair or deceptive. He cites the heading of "Simplified Document Solutions-$249 Bankruptcy," that the "advertisement" alleges that some individuals needlessly pay attorneys for "Simple documents," and that the "advertisement" does not disclose that the Defendant is a non-attorney bankruptcy petition preparer. *See* Amended Complaint ¶59, 60, 61, & 62.

7.

Marriam-Webster's dictionary defines advice as a recommendation regarding a decision or course of conduct.[3]

8.

The following statement is not advice, let alone legal advice:

> *We offer Chapter 7 and Chapter 13 bankruptcy petition preparation for a low fee of only $249.00. We will provide you with all of the documents necessary to obtain immediate bankruptcy protection, stopping lawsuits, foreclosures, wage garnishments, repossessions, creditor harassment and more.*

9.

The following statement is not advice, let alone legal advice:

> *We provide a debtor with all of the documents necessary to obtain immediate bankruptcy protection. Both chapters of bankruptcy will stop foreclosure, repossession, wage garnishment, lawsuits, creditor harassment, evictions, and any other attempts to collect debts.*
>
> *Chapter 7 bankruptcy is often referred to as a total bankruptcy or a fresh start bankruptcy. It is the most popular form of bankruptcy because it eliminates most or all debts within a matter of a (sic) 3-4 months. At the end of the 3-4 months, a debtor can begin to rebuild his or her credit and will be eligible to obtain credit cards and auto loans almost immediately.*
>
> *Chapter 13 bankruptcy is a debt repayment plan where a debtor makes monthly payments to a court appointed trustee for a period of 3-5 years under a court supervised plan.*

10.

The following statement is not advice, let alone legal advice:

---

[3] "Advice." *Merriam-Webster.com*. Merriam-Webster, n.d. Web. 20 Dec. 2016.

> *Bankruptcy is a powerful tool that will give you a "fresh start" financially. The filing of a Bankruptcy petition will immediately stop all collection action, such as foreclosure, repossession, lawsuits, garnishments, and collection calls. The bankruptcy ends with the judge issuing an order that most or all of your debts are permanently discharged and are noncollectable.*

11.

The Plaintiff has not alleged any instance that the Defendant has engaged in speech that would be considered "legal advice" as defined in 11 U.S.C. §110(e) and/or O.C.G.A. §15-19-50.

### III. THE SPEECH THAT THE PLAINTIFF ALLEGES THAT THE DEFENDANT ENGAGED IS NEITHER UNFAIR NOR DECEPTIVE.

12.

The Plaintiff has listed numerous statements allegedly made by or published by the Defendant which he contends are in some way "unfair or deceptive." He does not, however, explain who the speech is unfair to or any person who has been deceived by such speech.

13.

The Plaintiff has not alleged in what way any of the speech he alleges that the Defendant allegedly engaged in is either "unfair" or "deceptive."

14.

The following statement is neither unfair nor deceptive:

> *We provide highly effective services that deliver outstanding results at the (sic) fraction of the cost law firms and attorneys charge their clients for similar services. We listen to your situation and want you to know that we're here to help make things better and lighter. Unlike many lawyers, we are not here to take advantage of your situation. You can always expect fair and honest service at very affordable rates.*

15.

The following statement is neither unfair nor deceptive:

> *What sets us apart from competition (sic.) is the fact that we're able to deliver solid results at a fraction of the price of law firms, lawyers, attorneys, and individuals offering the same services we offer.*

16.

The following statement is neither unfair nor deceptive:

> *Simplified Document Solutions can provide you with all of the necessary paperwork for you to obtain a discharge and move on with your life for only $249.00.*
>
> *Simplified Document Solutions does not have an attorney on staff. However, since most bankruptcy cases are pretty simple after the petition is properly prepared, most people can handle their case without one.*

17.

It is unclear what the Plaintiff finds unfair or deceptive regarding the Defendant's previous employment experience or his proclaimed "love for the law," but no reasonable person could possibly find that to be unfair or deceptive.

18.

The following statement is neither unfair nor deceptive:

> *For only $249, you can be debt free in as little as 3 months through chapter 7 bankruptcy or restructure your debts over time through Chapter 13 bankruptcy. We can immediately stop wage garnishments, repossessions, creditor harassment, and foreclosure with our same-day bankruptcy filings. Our success rate is better than most of the bankruptcy attorneys and paralegals in Atlanta and we are happy to give you a free comparison right from the Bankruptcy Court's website.*

> *Our bankruptcy program is better than credit repair and cheaper than the lowest priced bankruptcy attorney.*
>
> *...Charles has successfully handled literally tens of thousands of cases and helped people obtain relief from millions of dollars in crushing debt.*

19.

The information that the Plaintiff has attached from Groupon contains no unfair or deceptive information.

20.

The following statement is neither unfair nor deceptive:

> *Simplified Document Solutions offers the best, most affordable bankruptcy service in the metro Atlanta area. Our $249 flat fee bankruptcy is one of the cheapest bankruptcy options in town. For only $249, we offer assistance with both Chapter 7 and Chapter 13 bankruptcy petitions. You don't have to pay overpriced bankruptcy lawyers thousands of dollars in attorney's fees, Simplified Document Solutions is the best, most experienced, non-attorney bankruptcy petition preparer in town.*

21.

The information that the Plaintiff has attached from Angie's List contains no unfair or deceptive information.

22.

Official Form 119 states in no uncertain terms that the Bankruptcy Petition Preparer is not an attorney and discusses certain limitations that the bankruptcy code has on the Bankruptcy Petition Preparer. The Defendant is required to present Official Form 119 to each and every Debtor prior to preparing any document for the Debtor or accepting any money on behalf of the Debtor and said form is signed by the Debtor and filed contemporaneously with the petition.

23.

The Debtor is required to sign a contract with the Defendant, which states that the Defendant is not an attorney and explains in simple terms the role of the Defendant in preparing the bankruptcy case.

24.

The Debtor is required to read and sign a notice pursuant to 11 U.S.C. §527(b), which gives the Debtor additional information taken directly from the code regarding bankruptcy petition preparers.

25.

In this jurisdiction, the Debtor must also sign an affidavit entitled "Affidavit to Accompany Petition filed Pro-se" before a notary public or the clerk of the court. Debtors know that the Defendant does not represent them.

26.

No reasonable person believes that the Defendant is authorized to provide services beyond what he can legally provide under the bankruptcy code.

27.

The Plaintiff does not allege what client testimonial gives the illusion that the Defendant does work beyond what he is permitted to do. Many of the testimonials that the Plaintiff points out do not even indicate whether the customer that wrote the review contracted with the Defendant for income tax services or bankruptcy services.

28.

The Plaintiff contends that businesses are responsible for customer testimonials. Such a contention borders on absurd. Customer testimonials are sometimes good and sometimes bad. Many businesses would like to highlight the good testimonials while hiding the bad. Despite the desire for a business owner to control customer testimonials, and delete negative reviews, it is a neutral third-party company that is in control of them. In fact, customer testimonials are relevant to consumers precisely because of the ability for any customer to give their opinion on their experience with said business without interference from the business owner. Congress recently recognized how fundamental online reviews are by overwhelmingly passing Pub. L. 114-258[4]. Furthermore, the customer testimonials that the Plaintiff provided do not allege that the Defendant is an attorney or authorized to do anything that he is not permitted to do.

29.

The Plaintiff's definition of unfair or deceptive information seems to change to suit his incredulous argument. For instance, in Paragraph 54 of the Plaintiff's Amended Complaint, the Plaintiff contends that a Groupon "advertisement" is "unfair and deceptive" and in furtherance thereof, states "Nowhere in the Groupon Advertisement does Mr. Langevin disclose that he is a non-attorney bankruptcy petition preparer." However, at Paragraph 40 of the in furtherance of his allegation that the Simplified Document Solutions website is "unfair and deceptive" he contends that one of the "unfair and deceptive" pieces of information is "Simplified Document Solutions does not have an attorney on staff."

---

[4] H.R. 5111 was a bi-partisan bill to protect consumers from "gag provisions" or "non- disparagement clauses" in civil contracts as they related to online reviews. It was overwhelmingly passed by the House of Representatives on September 12, 2016, the Senate on November 28, 2016, and signed by President Obama on December 14, 2016. It is now Pub.L. 114-258.

30.

The Plaintiff has not given a single example of conduct that is either unfair or deceptive.

**IV.    11 U.S.C. §110(e)(2)(A), 11 U.S.C. §110(f), AND O.C.G.A. §15-19-50 ARE UNCONSTITUTIONAL CONTENT-BASED RESTRICTIONS ON THE DEFENDANT'S RIGHT TO FREE SPEECH AS GUARANTEED BY THE FIRST AMENDMENT TO THE UNITED STATES CONSTITUTION BOTH FACIALLY AND AS APPLIED.**

31.

11 U.S.C. §110(e)(2)(A) prohibits a non-attorney bankruptcy petition preparer from offering "legal advice" to a prospective debtor. The code does not make any exceptions for correct "legal advice," "legal advice" given to a prospective debtor who may be about to cause harm to himself or others due to an inaccurate understanding of the law, "legal advice" to someone unable to afford competent legal counsel, or even "legal advice" on matters unrelated to bankruptcy. Under the plain language of the statute, a non-attorney bankruptcy petition preparer is prohibited from uttering the phrase "I wouldn't lie on your bankruptcy petition because you could go to jail for bankruptcy fraud if you do" to a "prospective debtor."

32.

11 U.S.C. §110(f) prohibits a non-attorney bankruptcy petition preparer from uttering the word "legal" or any "similar term" in any advertisement or advertise under any category that includes the term "legal," regardless of if the word legal is used in a correct context. The plain language of 11 U.S.C. §110(f) prohibits a non-attorney bankruptcy petition preparer from creating an advertisement with a disclaimer that the non-attorney bankruptcy petition preparer cannot give "legal advice" or that they should seek "legal advice" from an attorney if they don't understand the bankruptcy code. The plain language of 11 U.S.C. §110(f) prohibits a non-

attorney bankruptcy petition preparer from truthfully advertising under headings such as "paralegal service," "legal technician," "legal assistant," or "legal document preparation." These terms are familiar to the general public and help consumers understand that the petition preparer is not an attorney.

33.

The First Amendment of the U.S. Constitution provides that "Congress shall make no law [] abridging the freedom of speech or of the press."

34.

The Plaintiff contends that this Court should enjoin the Defendant from disseminating information that the Defendant allegedly disseminated as written works on the internet on the basis of a law which flies directly in the face of the First Amendment.

35.

Advice, including "legal advice," and information, facts, and opinions published on the internet is speech. Any restriction on said speech is an unconstitutional content based restriction on the Defendant's First Amendment right to free speech.

36.

"Government regulation of speech is content based if a law applies to particular speech because of the topic discussed or the idea or message expressed." *Reed v. Town of Gilbert, Arizona*, 135 S. Ct. 2218, 2227 (2015). The Plaintiff brought this Complaint because he contends that the information that he alleges the Defendant discussed with the Debtor is unlawful because of the specific topic discussed and/or the message that the Plaintiff allegedly disseminated over the internet.

37.

Content based restrictions are subject to strict scrutiny, requiring the Government show that the restriction is narrowly tailored to advance a legitimate compelling government interest and is no more restrictive than necessary to further that interest.

38.

Here, there is absolutely no government interest, let alone a compelling one. It serves absolutely no government interest to prohibit individuals with knowledge of bankruptcy laws to disseminate information to those who may not have the same knowledge. The free exchange of knowledge, ideas and information is a cornerstone of every society and is certainly protected by the First Amendment.

39.

Even if the government could show that the statute is designed to protect the public from inaccurate legal advice, the statute is overbroad and unduly burdensome has not been narrowly tailored to advance their position. As discussed earlier, the statute does not create an exception for correct legal advice or for legal advice narrowly tailored by the speaker to prevent injury to the prospective debtor or others. The statute only applies to individuals who are considered non-attorney bankruptcy petition preparers and accept money in exchange for assisting debtors with bankruptcy matters. The law does not prevent licensed attorneys, who may be unfamiliar with the bankruptcy code from giving bad legal advice, nor does it prevent non-attorneys who are not likely to charge the debtor for preparing bankruptcy forms from giving bad legal advice on matters which they are not familiar with. The law cannot even pass intermediate scrutiny, let alone strict scrutiny, as should be applied here. As the Supreme Court pointed out, "people will

perceive their own best interests if only they are well enough informed, and that the best means to that end is to open the channels of communication, rather than to close them." *Va. Pharmacy Board v. Va. Consumer Council,* 425 U.S. 748, 770 (1976).

40.

The Supreme Court tackled this very issue in 2010 when they ruled: "When Government seeks to use its full power [] to command where a person may get his or her information or what distrusted source he or she may not hear, it uses censorship to control thought. This is unlawful." *Citizens United v. Federal Elections Commission,* 558 U.S. 310 (2010). "The interest in encouraging freedom of expression in a democratic society outweighs any theoretical but unproven benefit of censorship." *Reno v. American Civil Liberties Union,* 521 U.S. 844, 885 (1997).

41.

"It is well settled that a speaker's rights are not lost merely because compensation is received; a speaker is no less a speaker because he or she is paid to speak." *Riley v. National Federation of the Blind of North Carolina, Inc.,* 487 U.S. 781, 801 (1988). First Amendment disables the [government] from achieving [an allegedly important government] objective by restricting the free flow of truthful commercial information. *Linmark Assocs., Inc. v. Town of Willingboro,* 431 U.S. 85 (1977).

42.

The Plaintiff is asking this Court to deem every possible avenue of advertisement available to the Defendant to be in violation of various sections of 11 U.S.C. §110. Such a blanket ban on advertising has consistently been held to be unconstitutional by the Supreme

Court. "the [government's] interest [] cannot justify a blanket ban on promotional advertising." *Central Hudson Gas & Electric Corp. v. Public Service Commission of NY*, 447 U.S. 557, 600 (1980)

## V. TO THE EXTENT THAT THE PLAINTIFF CONTENDS THAT O.C.G.A. §15-19-50 APPLIES TO THE DEFENDANT, O.C.G.A. §15-19-50 IS AN UNCONSTITUTIONAL CONTENT BASED RESTRICTION TO THE DEFENDANT'S RIGHT TO FREE SPEECH AS GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION I, PARAGRAPH 14 OF THE CONSTITUTION OF THE STATE OF GEORGIA BOTH FACIALLY AND AS APPLIED.

43.

The Plaintiff has argued that O.C.G.A. §15-19-50 is incorporated into the bankruptcy code by virtue of 11 U.S.C. §110(k).

44.

To the extent that O.C.G.A. §15-19-50 may apply to the Defendant, O.C.G.A. §15-19-50 is an invalid law because it is in direct contradiction to the First Amendment to the United States Constitution, made applicable to the State by virtue of the Fourteenth Amendment to the United States Constitution and Article I, Section I, Paragraph 14 of the Georgia Constitution for the same reasons that the Defendant has stated 11 U.S.C. §110(e)(2)(A) is an unconstitutional restriction.

45.

The same speech and conduct prohibited by applying O.C.G.A. §15-19-50 to O.C.G.A. 15-19-51 has previously been struck down by the Supreme Court in *Johnson v. Avery*, 393 U.S. 483 (1969). While *Johnson* dealt with inmates who assisted other inmates in writing writs or

other legal matters, the principle is the same. Many of the people who seek out assistance from the Defendant have no other reasonable means to turn to. It is unconscionable to believe that inmates being held in prison have more rights than honest debtors who have fallen on hard financial times. It is likewise absurd to believe that the Court would give the Defendant more rights if he was being housed in a prison system.

## VI. SUMMARY JUDGMENT IS APPROPRIATE

46.

F.R.C.P. 56(c)(1)(A), made applicable to bankruptcy proceedings by B.R. 7056, permits a moving party to stipulate to facts for the purposes of filing a motion for summary judgment only. **For the purposes of this motion only**, the Defendant will stipulate that he engaged in all of the speech contained in the Plaintiff's amended complaint. He does not stipulate that the speech was unfair or misleading, nor does he stipulate that any of the speech was legal advice.

47.

For the reasons set forth above, as a matter of law this Court cannot grant the relief for which the Plaintiff requests, even if a finder of fact was to determine that the Defendant did engage in such speech.

48.

Pursuant to F.R.C.P. Rule 56(a), made applicable to bankruptcy proceedings pursuant to B.R. 7056, "The court *shall* grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Emphasis added.*

WHEREFORE, the Defendant respectfully prays that Summary Judgment be granted in his favor and such other relief as this Court deems just and proper.

This 6th day of January, 2017.

Respectfully submitted,

Charles M. Langevin, Jr.
Defendant, *Pro-se*

511 Trousseau Ln.
McDonough, GA 30252-5054
(678) 478-6931
charleslangevin@yahoo.com

# IN THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| GUY G. GEBHARDT, ) | |
| ACTING UNITED STATES TRUSTEE, ) | MISC. PROCEEDING NO. |
| ) | 16-00504-LRC |
| *Plaintiff,* ) | |
| ) | BEFORE THE HONORABLE |
| -versus- ) | JUDGE LISA RITCHEY-CRAIG |
| ) | |
| CHARLES M. LANGEVIN, JR. ) | |
| ) | JURY TRIAL DEMANDED |
| *Defendant.* ) | |

## CERTIFICATE OF SERVICE

I, Charles M. Langevin, Jr. hereby certify that on this day I have served a copy of this **MOTION FOR SUMMARY JUDGMENT** on the Plaintiff's counsel of record by delivering a copy of said pleading to the Plaintiff's office via hand delivery.:

R. Jeneane Treace, Esq.
Office of the United States Trustee
362 Richard B. Russell Building
75 Ted Turner Dr., S.W.
Atlanta, GA 30303


This 6th day of January, 2017.

Respectfully,

Charles M. Langevin, Jr.
Defendant, *Pro-se*

511 Trousseau Ln.
McDonough, GA 30252-5054
(678) 478-6931
charleslangevin@yahoo.com