UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| GUY G. GEBHARDT, ACTING UNITED STATES TRUSTEE, ) ) ) | |
| PLAINTIFF, ) ) ) ) | MISCELLANEOUS PROCEEDING |
| vs. ) ) | NO. 16–00504 –LRC |
| CHARLES M. LANGEVIN, JR., ) ) | |
| DEFENDANT. ) | |

**UNITED STATES TRUSTEE'S MOTION TO DISMISS**

Guy G. Gebhardt, the Acting United States Trustee for Region 21 ("United States Trustee") and the plaintiff in this proceeding, moves to dismiss the counterclaim asserted by the defendant, Charles M. Langevin Jr.. (Dkt. No. 8, p. 16)

**STANDARD OF REVIEW**

**1.**

A party may move to dismiss a claim under Fed. R. Bankr. P. 7012(b), which makes Fed. R. Civ. P. 12(b)(1) and (6) applicable to adversary proceedings. Pursuant to Fed. R. Civ. P. 12(b)(1), a court must dismiss if it lacks subject matter

1

jurisdiction. Pursuant to Fed. R. Civ. P. 12(b)(6), a claim will be dismissed for "failure to state a claim upon which relief can be granted."

## AMENDED COMPLAINT AND ANSWER

### 2.

The United States Trustee initiated this proceeding on September 2, 2016, by filing a complaint against Mr. Langevin. (Dkt. No. 1) The United States Trustee amended his complaint on October 24, 2016 (the "Amended Complaint"). (Dkt. No. 2) In his Amended Complaint, the United States Trustee requests the Court:

    A. find that Mr. Langevin violated section 110(e)(2), *id.* at 20;

    B. enjoin Mr. Langevin from violating section 110(e)(2), *id.* at 21;

    C. find that Mr. Langevin violated section 110(f), *id.* at 20;

    D. enjoin Mr. Langevin from violating section 110(f), *id.* at 21;

    E. find that Mr. Langevin engaged in unfair, deceptive, or fraudulent conduct, *id.* at 20; and

    F. enjoin Mr. Langevin from engaging in unfair, deceptive, and fraudulent conduct. *Id.* at 21.

### 3.

Mr. Langevin filed his answer on January 6, 2017 (the "Answer"). (Dkt. No. 8) In his Answer to the Amended Complaint, Mr. Langevin asserts a counterclaim against the United States Trustee. (Dkt. No. 8, p. 16) Mr. Langevin

alleges that the United States Trustee's actions have forced him to expend resources and "[a]s a federal public officer, the Plaintiff has the obligation under the takings clause of the Fifth Amendment of the United States Constitution to provide the Defendant with just compensation for the unjust taking of his property." *Id.*

## ARGUMENT

**I.      To the extent Mr. Langevin asserts a takings claim, this Court is the wrong venue.**

### 4.

Mr. Langevin appears to assert a federal takings claim against the United States. (Dkt. 8, p. 16)   Because the allegations relate to actions the United States Trustee purportedly took in his official capacity, the claim is in fact asserted against the United States. *See Atkinson v. O'Neill*, 867 F.2d 589, 590 (10th Cir. 1989) (explaining that when "an action is one against named individual defendants, but the acts complained of consist of actions taken by defendants in their official capacity as agents of the United States, the action is in fact one against the United States.").

### 5.

It "is well settled that the United States is a sovereign, and, as such, is immune from suit unless it has expressly waived such immunity and consented to be sued." *McGuire v. U.S.*, 550 F.3d 903, 910 (9th Cir. 2008).  Although the

Bankruptcy Code contains a waiver of sovereign immunity, 11 U.S.C. § 106(a), that waiver does not extend to stand-alone takings claims. *McGuire*, 550 F.3d at 913. Rather, the Tucker Act and the Little Tucker Act provide the waiver of sovereign immunity for takings claims. *Id.* at 910-12. Pursuant to these statutes, takings claims must be filed in the Court of Federal Claims if the damages sought are in excess of $10,000, or in the district courts or the Court of Federal Claims if damages sought are $10,000 or less. *Id.* at 910-11.

**6.**

Mr. Langevin has brought his takings claim in the wrong court and, therefore, the claim should be dismissed.

**II.    To the extent Mr. Langevin asserts a tort claim, he has failed to exhaust administrative remedies.**

**7.**

If and to the extent Mr. Langevin accuses the United States Trustee of committing a tort, he has failed to exhaust his remedies. The Federal Tort Claims Act provides that an "action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by

4

certified or registered mail." 28 U.S.C. § 2675(a). The failure to follow this procedure prevents judicial review of a tort claim. *Turner ex rel. Turner v. United States*, 514 F.3d 1194, 1200 (11th Cir. 2008).

**8.**

In this case, Mr. Langevin has not followed the required procedure. Therefore, to the extent he is attempting to assert a tort claim, the claim must be dismissed for failure to exhaust administrative remedies.

## CONCLUSION

**9.**

For these reasons, this Court should dismiss the counterclaim.

>GUY G. GEBHARDT
>ACTING UNITED STATE TRUSTEE, REGION 21
>
>*s/ Jeneane Treace*
>R. Jeneane Treace
>Trial Attorney
>Georgia Bar No. 716620
>United States Department of Justice
>Office of the United States Trustee
>362 Richard B. Russell Federal Building
>75 Ted Turner Drive, S.W.
>Atlanta, Georgia  30303

## CERTIFICATE OF SERVICE

     I certify that on September 6, 2017, I served a copy of this motion upon the defendant by First Class U.S. Mail, addressed as follows.

Charles M. Langevin Jr.
5060 Memorial Drive
Stone Mountain, GA  30083

                                     *s/ Jeneane Treace*
                                     R. Jeneane Treace
                                     Trial Attorney
                                     Georgia Bar No. 716620
                                     United States Department of Justice
                                     Office of the United States Trustee
                                     362 Richard B. Russell Federal Building
                                     75 Ted Turner Drive, S.W.
                                     Atlanta, Georgia  30303
                                     (404) 331-4437
                                     *jeneane.treace@usdoj.gov*