**IT IS ORDERED as set forth below:**

**Date: March 29, 2018**



_____
**Lisa Ritchey Craig
U.S. Bankruptcy Court Judge**

_____

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF: | : | MISCELLANEOUS PROCEEDING |
| DANIEL M. MCDERMOTT, Acting United States Trustee, | : | No. 16-00504-LRC |
| Plaintiff, | : | |
| v. | : | |
| CHARLES M. LANGEVIN, | : | |
| Defendant. | : | |

## ORDER

Before the Court is the Motion to Dismiss Counterclaim (the "Motion"), filed by Guy G. Gebhardt, former Acting United States Trustee, and prosecuted by Daniel M. McDermott, United States Trustee (the "UST"). The Motion arises in connection with an

amended complaint (the "Complaint") filed by the UST against Charles M. Langevin ("Langevin").

In his answer, Langevin asserted a counterclaim against the UST (the "Counterclaim"). The Counterclaim alleges that the UST's "actions have forced [Langevin] to expend resources and '[a]s a federal public officer, the [UST] has the obligation under the takings clause of the Fifth Amendment of the United States Constitution to provide [Langevin] with just compensation for the unjust taking of his property.'" The UST seeks dismissal of the Counterclaim on the basis that: (1) to the extent the Counterclaim is a "federal takings claim," this Court is not the appropriate venue, as stand-alone takings claims must be filed in the Court of Federal Claims or the federal district court; and (2) to the extent that Defendant seeks damages sounding in tort, he has failed to exhaust his administrative remedies. Defendant has not responded or otherwise opposed the dismissal of the Counterclaim, and it is deemed unopposed. BLR 7007-1(c) ("Failure to file a response shall indicate no opposition to the motion.").

Rule 7012(b), which makes Rule 12(b)(1) of the Federal Rules of Civil Procedure applicable to this proceeding, allows for the filing of a motion to dismiss for lack of subject-matter jurisdiction. Fed. R. Bankr. P. 7012(b). "A party may attack subject-matter jurisdiction in two different ways: facially or factually." *Ocean Harbor Cas. Ins. Co. v. United States Postal Serv.*, 2013 WL 12043498, at *2–3 (S.D. Fla. July 31, 2013)

(citing *Garcia v. Copenhaver, Bell & Assocs., M.D.'s, P.A.*, 104 F.3d 1256, 1260-61 (11th Cir. 1997)). With a facial attack, the Court "assumes the allegations of the complaint to be true and evaluates them to determine whether they nonetheless fail to establish jurisdiction." *Id*. "Here, the [the UST] challenges the facial sufficiency of the [Counterclaim's] allegations on jurisdiction" and, therefore, "for purposes of this Motion, the Court assumes the jurisdictional allegations of the [Counterclaim] to be true." *Id*. Langevin bears the burden of establishing jurisdiction.

"Sovereign immunity shields the United States from suit absent a consent to be sued that is 'unequivocally expressed.'" *United States v. Bormes*, 568 U.S. 6, 9–10, 133 S. Ct. 12, 16–17, 184 L. Ed. 2d 317 (2012). "A lawsuit against a federal government agent in [his] official capacity is nothing more than a suit against the United States." *Williams v. Aetna Life Ins. Co.*, 2014 WL 584258, at *2 (S.D. Ala. Feb. 14, 2014). Without a finding of an "express, unambiguous, and unequivocal waiver of sovereign immunity in statutory text, a suit against the United States or any of its agencies may not proceed and must be dismissed for lack of subject-matter jurisdiction." *Ocean Harbor Cas. Ins. Co.,* 2013 WL 12043498, at *3; *see also Ivey v. United States*, 873 F. Supp. 663, 667 (N.D. Ga. 1995) ("Waiver of sovereign immunity is a prerequisite to subject matter jurisdiction.").

Under the Tucker Act, 28 U.S.C. § 1491(a)(1), the United States Court of Federal

3

Claim has jurisdiction over "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort."  28 U.S.C. § 1491(a)(1); *see also Sammons v. United States*, 2017 WL 3473224, at *3 (W.D. Tex. Feb. 7, 2017), report and recommendation adopted, 2017 WL 3476775 (W.D. Tex. Mar. 9, 2017), *aff'd*, 860 F.3d 296 (5th Cir. 2017)) ("It is undisputed that the Takings Clause of the Fifth Amendment is a money-mandating source for purposes of Tucker Act jurisdiction."); *Jordan v. Def. Fin. & Accounting Servs.*, 2014 WL 4416010, at *10 (M.D. Fla. Sept. 5, 2014) ("'The general rule is that whether or not the United States so intended, if there is an alleged taking, the claim is 'founded upon the Constitution' and within the jurisdiction of the Court of Claims to hear and determine.'").  Under the Little Tucker Act, "district courts shall have original jurisdiction, concurrent with the United States Court of Federal Claims," of such claims.  28 U.S.C. § 1346(a)(2).  These provisions "do not themselves 'creat[e] substantive rights," but "are simply jurisdictional provisions that operate to waive sovereign immunity for claims premised on other sources of law."  *Bormes*, 568 U.S. at 10.

Assuming without deciding that such a claim may properly be filed in this Court because the Bankruptcy Court is a unit of the District Court, "in order to show an

4

unequivocal waiver of the government's sovereign immunity, [Langevin] must also show unequivocal compliance with 28 U.S.C. § 1346(a)(2), which describes the limits of [the District] court's subject matter jurisdiction." *Wilson v. U.S. Dep't of Educ.*, 2012 WL 1443274, at *6 (D. Or. Apr. 24, 2012), report and recommendation adopted, No. 3:11-CV-00725-PK, 2012 WL 3065270 (D. Or. July 27, 2012). Langevin's "failure to affirmatively allege that [his claim] seek[s] no more than $10,000 therefore deprives this court of subject matter jurisdiction over those claims." *Id*.; *see also Davis v. Johnson*, 2016 WL 3360568, at *5 (N.D. Ga. Apr. 22, 2016), report and recommendation adopted, No. 1:15-CV-4137-TWT, 2016 WL 3349343 (N.D. Ga. June 15, 2016) ("The allegations in [the] complaint are insufficient to invoke this Court's jurisdiction over [the] FLSA and law enforcement officer pay claims because [plaintiff] has not alleged that the amount in controversy for each claim is $10,000 or less.").

Further, even if the Court construes the Counterclaim to be a tort claim, the Counterclaim must be dismissed as barred by the UST's sovereign immunity "[u]nless [Langevin] satisfies the burden of establishing that this action falls within an unequivocally expressed waiver of sovereign immunity by Congress." *Wilson,* 2012 WL 1443274, at *4. The Federal Tort Claims Act (the "FTCA") delineates the limited circumstances in which the federal government waives its sovereign immunity for tort suits: "An action shall not be instituted upon a claim against the United States for money

5

damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C. § 2675(a). Presenting a claim to the appropriate Federal agency requires sending "an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident." *Wilson*, 2012 WL 1443274, at *5 (quoting 28 C.F.R. § 14.2).

Under the FTCA, "exhaustion of administrative remedies is a non-waivable jurisdictional prerequisite to invoking a district court's subject matter jurisdiction." *Willoughby v. Colvin*, 2014 WL 5038550, at *5 (M.D. Fla. Sept. 30, 2014). As Langevin has not alleged that he has exhausted his administrative remedies, the Court concludes that he has not established this Court's jurisdiction over any tort claim against the UST. *Harris v. Mecum*, 2006 WL 2094680, at *2 (N.D. Ga. July 25, 2006) (dismissing complaint against the United States because plaintiff failed to allege facts to establish that he had exhausted his administrative remedies).

For the reasons stated above, the UST's Motion to Dismiss **GRANTED**. **IT IS**

**ORDERED** that the Counterclaim is **DISMISSED** because Langevin has not established that this Court has subject matter jurisdiction over it.

## END OF DOCUMENT

**Distribution List**

**Charles M. Langevin, Jr**.
Simplified Document Solutions
201 17th Street, NW
Suite 300
Atlanta, GA 30363

**Daniel M. McDermott**, United States Trustee
United States Trustee
362 Richard Russell Bldg.
75 Ted Turner Drive, S.W.
Atlanta, GA 30303

**R. Jeneane Treace**
Office of the United States Trustee
362 Richard Russell Bldg.
75 Ted Turner Drive, SW
Atlanta, GA 30303